11-2746-ag
Ilunga v. Holder

BIA
Verrillo, IJ
A079 303 829

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand thirteen.

PRESENT:
　　　　ROSEMARY S. POOLER,
　　　　ROBERT D. SACK,
　　　　RICHARD C. WESLEY,
　　　　　　*Circuit Judges.*

_____

BUZANGU EUGENE KALUME ILUNGA, AKA
EUGENE B. KALUME, AKA MUTUMBO TABWE,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　11-2746
　　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　Justin Conlon, North Haven, CT.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Eric W. Marsteller, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Buzangu Eugene Kalume Ilunga, a native and citizen of the Democratic Republic of the Congo, seeks review of a June 10, 2011, order of the BIA affirming the January 7, 2010, decision of Immigration Judge ("IJ") Philip Verrillo, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Buzangu Eugene Kalume Ilunga*, No. A079 303 829 (B.I.A. June 10, 2011), *aff'g* No. A079 303 829 (Immig. Ct. Hartford Jan. 7, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An IJ may terminate an asylee's status if the government proves by a preponderance of evidence that "[t]here is a showing of fraud in the alien's application

2

such that he was not eligible for asylum at the time it was granted." 8 C.F.R. § 1208.24(a)(1), (f). Here, the agency found that Ilunga committed fraud in his 2001 application by falsely misrepresenting that: (1) he had never filed for or been denied asylum in the United States when his 1997 asylum application was denied in 1999; (2) he had lived in Kinshasa, Democratic Republic of Congo ("DRC"), between 1994 and 2000, and had been employed there between 1996 and 1999, though he had claimed during his 1999 merits hearing that he had been in the United States between 1996 and 1999; (3) he had never been in removal proceedings; (4) he had not previously entered the United States; and (5) he had not previously used other names though he had assumed two false names to enter the United States. The agency also found that Ilunga's 2001 application would have been denied because it did not establish changed country conditions and it was contradicted by his previous application.

Ilunga does not challenge the agency's findings that he committed fraud and that his past persecution claim would have been denied. Rather, he contends that the objective evidence that Tutsis like him were persecuted in the DRC sufficiently established his eligibility for relief despite

3

his lack of credibility. To the contrary, substantial evidence supports the agency's determination that the government established a likelihood that his fraud was such that it rendered him ineligible for asylum.

Where an IJ has found an applicant's past persecution claim to be not credible, the applicant may still prevail on a *credible* theory of future persecution "so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible." *Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006). Here, Ilunga's claim for future persecution rested on the same factual predicate as his claim for past persecution, namely that he was an ethnic Tutsi and perceived as a Tutsi in the DRC. Moreover, contrary to Ilunga's assertion, the IJ did not find that he was Tutsi, and Ilunga did not provide any objective evidence that he was, in fact, an ethnic Tutsi. Therefore, Ilunga would have been unable to establish a credible, subjective fear that he would be persecuted due to his Tutsi ethnicity. *Cf. Paul*, 444 F.3d at 157 (finding that future persecution claim was independent of adverse credibility determination

because applicant's claim that he was a Christian was credible).

Furthermore, Ilunga likely would not have been able to establish an objective fear of persecution because his background materials indicate that the DRC's government signed a ceasefire with the Tutsi rebels and contain no evidence that continued attacks on civilians are fueled by ethnic rivalries. *See* 8 U.S.C. § 1101(42)(a); *Paul*, 444 F.3d at 157. Ilunga's failure to demonstrate that the treatment of Tutsis had worsened since the time his first asylum application was denied also rendered him ineligible to file a successive asylum application. *See* 8 U.S.C. § 1158(a)(2)(C), (D).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk